Henry Corse, as Trustee, etc., Appellant, *v.* John Corse and Samuel Corse, as Trustees, etc., and Jacob Appell, Respondents.

*Testamentary trust estate — who is a trustee of the income only — he is not a necessary party to a lease made by the trustees of the corpus of the trust estate.*

A trustee of the income only of a testamentary trust estate has, as such, no interest in the estate which renders it necessary for him to join in a lease of realty belonging to the *corpus* of the estate, made by the trustees of the *corpus*.

A will devised and bequeathed the residuary estate, real and personal, to the executors in trust, to divide the same into as many shares as the testator had children, and to pay to each child, for life, the net income of his respective share, and provided that upon the death of any child the trust as to his share should cease and the principal go to his issue, and that, so far as practicable, the property should be kept together.

By a codicil, which stated that the testator thereby intended to change his will only so far as it concerned one of his sons, and the share and benefits such son would thereby receive, the testator constituted such son (who was not named as an executor) trustee of the share, the use of which had been appropriated to him in the will, to take and manage the same for the use and education of his (the son's) children during his life, the principal to be paid over to and divided between the son's children and their heirs and representatives on his death.

The executors, as trustees of the residuary estate, made a lease of certain of the realty, without the son's joining therein, and against his will, and the son brought an action to set the same aside as having been made improvidently and without power upon the part of the trustees.

*Held,* that it was apparent that it was not the intention of the testator to give to the plaintiff, by the codicil, any interest in the *corpus* of the estate;

That all that was intended was that the plaintiff should be appointed trustee of the income which, under the will, would have been paid to him absolutely, and under the codicil was directed to be applied by him to the use of his children ;

That, hence, the plaintiff took no interest in any portion of the principal of the estate, and, therefore, it was not necessary for him to join in the lease ;

That he had no interest in the controversy instituted to set aside the lease except, perhaps, that as a beneficiary he might call the trustees to account for a maladministration of the trust.

Appeal by the plaintiff, Henry Corse, as one of the testamentary trustees of the estate of Henry Corse, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 20th day of February, 1893, upon a decision of the court dismissing the com-

plaint upon the merits, rendered after a trial by the court at the New York Special Term, and also from an order granting an additional allowance, entered in said clerk's office February, 1893.

*W. C. Reddy*, for the appellant.

*G. C. Blanke*, for the respondents Corse.

*C. Norwood*, for the respondent Appell.

VAN BRUNT, P. J.:

This action was brought to set aside a lease made to the defendant Appell by his codefendants of certain premises in the city of New York.

The testator, Henry Corse, died in May, 1882, leaving a last will and testament and a codicil thereto, which were duly proved and admitted to probate. By his will, the testator appointed as executors his wife, Lydia A. Corse, his daughter, Catherine E. Fischer, and his two sons, John Corse and Samuel Corse; and, after making provision for his widow, he devised and bequeathed to his executrices and executors all his residuary estate, real and personal, upon certain trusts, under which the plaintiff, Henry Corse, was entitled to receive a certain share of the income derived from said estate. By his codicil the testator changed the provisions of the will so far as the same concerned or affected his son Henry only, and the share and benefit he would thereby receive, and instead and in place thereof he directed that the net interest and income from said share (that is, the share wherefrom the income which, under the will, was directed to be paid to the plaintiff should be derived), or so much thereof as might be necessary, should be paid, appropriated and applied to and for the education, maintenance and support of the children of said Henry during the lifetime of his son, and in the stead and place of his executrices and executors named in said will as trustees, so far as relates to the said share only, the said Henry Corse was nominated, constituted and appointed trustee of said share, to have, take, receive, manage and control the same for the use, education, benefit and support of his said children during his life as aforesaid, and upon his death testator directed the principal of said share to be paid over to, and equally divided between, the children of said Henry and their heirs and legal representatives.

The trustees named in said will having executed a lease of certain premises against the will of the plaintiff, as testamentary trustee under said codicil, this action was brought to set aside said lease upon the ground that it was improvidently made, and also without power upon the part of the trustees. It is true that one of the original trustees under the will, Catherine Fischer, did not join in the lease, but she subsequently ratified the same.

Upon the trial the court dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

As to the claim that the granting of the lease was improvident and improper, the disposition made in the court below seems to have been right, and we see no reason to interfere with the judgment upon that account.

The only question is whether the plaintiff has such an interest in the estate of his father as made it necessary for him to join in the lease in question. Upon an examination of the will and codicil it seems to us apparent that it was not the intention of the testator to give to the plaintiff, by the codicil under which he claims, any interest in the original *corpus* of the estate; but all that was intended was that he should be appointed as trustee of the income which under the original will would have been paid to him absolutely, and under the codicil was directed to be applied by him to the use, education, benefit and support of his children.

It is undoubtedly true that in the codicil some language is used which affords some foundation for the claim that, as far as the share of the estate from which he was to derive the income was concerned he had been appointed trustee. But when we read the will and codicil together it is apparent that such was not the intention of the testator. By his will, as already stated, he devised the rest, residue and remainder of his estate for the benefit of his children. The direction was to divide the same into eight equal parts or shares, being one share for the use of each one of his eight children, including the plaintiff. And with the further direction that the trustees were to continue to hold the same in severalty, and severally and respectively in manner and upon the trusts, and to and for the uses, objects and purposes therein stated, viz., to receive the rents, income and profits from the same, and after paying the taxes, assess-

ments and other expenses properly chargeable against the income, to pay over the residue to his children severally and respectively during their several and respective lives; that is, to each child such residue of interest and income derivable therefrom or applicable to his or her said one-eighth share.

He further provides that upon the death of any child the trust as to his or her share should cease, and the principal was devised to his grandchild or grandchildren who might be the lawful issue of said child so dying.

Subsequently the testator states that, believing it for the best. interest of his children as well as his grandchildren, that his property should be kept together as long as possible, as he thought it would thus produce a larger income, he recommended his. trustees to keep the same together. But he expressly states that this was not to be construed as a direction or restriction, but only as the advice of a father deeply interested in the welfare and happiness of his children.

It seems, therefore, to be apparent that although there was an. express direction that the estate should be divided, it was inserted in the will because of a fear that unless such direction was given the trust which he had created might run contrary to our statutes in respect to the alienation of estates; and that it was the intention of the testator that as far as practicable the property should be kept together — certainly until the necessity for a division arose by the death of some of his children, and the consequent taking out of an eighth part thereof for the representatives of such deceased child.

Now, there is nothing in the codicil which runs counter to this intention. It is true he states that he nominates, constitutes and appoints his son Henry the trustee of the share, the use of which he had appropriated to him in the will, to have, take, receive, manage and control the same for the use, education, benefit and support of his children during his life, and upon his death he directed that the principal of said share should be paid over to, and equally divided between the children of said Henry. But this is preceded by an express statement of the intention of the testator to modify, alter and change the provisions of his will only so far as the same concerned. or affected his son Henry, and the share and benefits he would thereby receive; and in place thereof he makes the provision

above mentioned. Clearly his intention was simply to make.Henry a trustee of the income and not of the principal.

It was as to the share and benefits which Henry would receive that he proposed to make the change. And all that Henry under the original will received was the income of an eighth share, or one-eighth of the income of the whole estate.

Such being the plain intention of the testator, Henry Corse took no interest in any portion of the principal of the estate, was only a trustee of income, and has no interest in the controversy in question, except, perhaps, that as a beneficiary he might call his trustees to account for the maladministration of the trust.

We are of opinion, therefore, that the complaint was properly dismissed, and that the judgment should be affirmed.

Follett and Parker, JJ., concurred.

Judgment affirmed.